FILED
AT CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS NOV 30  P 3: 34

LIONS GATE FILMS, INC., a Delaware
corporation,

        Plaintiff,

v.

JOHN DOE,

        Defendant.

Case No.

**05 CA 12404 RGS**

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE  11/30/05

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).    **MAGISTRATE JUDGE**

3.    Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although Defendant's true identity is unknown to the Plaintiff at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one. In addition, the Defendant contracted with an Internet Service Provider found in this District to provide the Defendant with access to the Internet.

## PARTIES

4.       Plaintiff Lions Gate Films, Inc. ("Plaintiff") is one of the world's leading creators and distributors of motion pictures. Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of the Plaintiff's copyrighted motion pictures. Defendant's infringements allow Defendant and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time Defendant unlawfully distributes a free copy of one of Plaintiff's copyrighted motion pictures to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, the Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5.       Plaintiff Lions Gate Films, Inc. is a Delaware corporation, with its principal place of business at 2700 Colorado Avenue, Suite 200, Santa Monica, California. Lions Gate Films, Inc. ("Lions Gate") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Lions Gate is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those indicated on Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

6.       Defendant's true name is unknown to Plaintiff at this time. Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to the Defendant by his or her Internet Service Provider on the date and at the time at which Defendant's infringing activity was observed. The IP address of Defendant, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. The Plaintiff believes that

2

information obtained in discovery will lead to the identification of the Defendant's true name and permit Plaintiff to amend this Complaint to state the same.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

7.    Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8.    At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the copyrighted motion picture listed on Exhibit A to this Complaint (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as specified on Exhibit A.

9.    The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

10.    Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Exhibit A identifies the Copyrighted Motion Picture that the Defendant has, without the permission or consent of the Plaintiff, distributed to the public, including by making available for distribution to others. In doing so, the Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11.    The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12.    As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

3

13.     Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all copies of the Copyrighted Motion Picture made in violation of Plaintiff's copyrights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of the Plaintiff's Motion Pictures, to distribute any of the Plaintiff's Motion Pictures, or to · make any of the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.     For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3.     For the Plaintiff's costs.

4

4.    For the Plaintiff's reasonable attorneys' fees.

5.    For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: **November 30, 2005**

_Matthew N. Kane_

James B. Conroy (BBO # 96315)
Matthew N. Kane (BBO # 636801)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Tel. (617) 720-2880
Fax (617) 720-3554

*Attorneys for Plaintiff*

5